# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Kenneth Alexander Ford,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-08-2363-PHX-ROS (JRI)<br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 29, 2008 (#1). On July 23, 2009 Respondents filed their Answer (#14). Petitioner filed a Reply on August 25, 2009 (#15).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. PROCEEDINGS AT TRIAL

On July 2, 1999, Petitioner was indicted on five counts of sexual conduct with a minor and one count of molestation of child. (Exhibit A, Indictment.) (Exhibits to the Answer, #14, are referenced herein as "Exhibit ___.") On January 21, 2000, Petitioner entered into a written Plea Agreement (Exhibit B), wherein Petitioner agreed to plead guilty to the count of molestation and an amended count of attempted molestation, in exchange for dismissal of

- 1 -

1 | the remaining charges. On March 10, 2000, Petitioner appeared for sentencing and was
2 | sentenced to the minimum sentence of 12 years on the molestation count, and lifetime
3 | probation on the attempted molestation count, with a suspended sentence. (Exhibit C,
4 | Sentence.)

## B. PROCEEDINGS ON DIRECT APPEAL

Petitioner waived his right to direct appeal under the terms of the Plea Agreement (Exhibit B at ¶ 6). Petitioner did not file a direct appeal. (Petition, #1 at 2-3.)

## C. PROCEEDINGS ON POST-CONVICTION RELIEF

On October 10, 2007, Petitioner filed a Notice of Post-Conviction Relief (Exhibit D), arguing that his sentence was given in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *U.S. v. Booker*, 543 U.S. 220 (2005).[1] On October 23, 2007, the trial court summarily dismissed the notice, finding that because those cases were decided after Petitioner's conviction became final upon expiration of his time for filing an of-right petition for post-conviction relief and are not retroactively applicable to cases on collateral review, Petitioner was "not entitled to relief under Rule 32.1(g)." (Exhibit E, M.E. 10/23/7 at 2.)

Petitioner filed a Petition for Review by the Arizona Court of Appeals (Exhibit F), again asserting his *Blakely* claims. On December 12, 2008, the petition was summarily denied. (Exhibit G, Order.)

Petitioner did not seek review from the Arizona Supreme Court. (Petition, #1 at 5.)

---

[1] *Apprendi* found that the right to trial by jury applied at sentencing, and thus any fact relied upon to increase a sentence must be found by a jury. *Blakely* extended *Apprendi* by finding that the applicable maximum was that which could be given without further fact findings, even if less than the statutory maximum for the crime. *Booker* simply applied the rules adopted in *Apprendi* and *Blakely* to the federal sentencing guidelines, and thus is inapplicable to Petitioner's Arizona conviction and sentence.

## D. PRESENT FEDERAL HABEAS PROCEEDINGS

On December 29, 2009, Petitioner commenced the instant proceeding by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (#1), asserting four grounds for relief:

(1) Petitioner's First Amendment right of access to the courts was violated when the state courts erred in denying Petitioner's state Rule 32 petition;

(2) Petitioner received enhanced, multiple sentences in violation of the Fifth Amendment;

(3) Petitioner's trial counsel was ineffective, in violation of the Sixth Amendment; he was denied his right to trial by jury under *Apprendi* resulting in improperly consecutive sentences; he was denied his right to confront the victim; and

(4) Petitioner's conviction and sentence violate his Fifth and Fourteenth Amendment due process rights.

On July 23, 2009, Respondents filed their Answer (#14), arguing that Petitioner's Petition is untimely, and his claims either procedurally barred or procedurally defaulted.

On August 25, 2009, Petitioner filed his Reply (#15), arguing that he did not become aware of his claims until more than seven years after his sentence, and was diligent in pursuing his claims. Petitioner also argues the merits of his claims.

## III. APPLICATION OF LAW TO FACTS

### A. STATUTE OF LIMITATIONS

### 1. One Year Limitations Period

Respondents assert, *inter alia*, that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. 28 U.S.C. § 2244(d)(1).

## 2. Commencement of Limitations Period

**Direct Review** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For an Arizona noncapital pleading defendant, the conviction becomes "final" at the conclusion of the first "of-right" post-conviction proceeding under Rule 32. *See Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review. *Id.* at 715 (citing Ariz. R.Crim. P. 32.4(a)).

Here, Petitioner did not file any PCR petition within ninety days of his March 10, 200 sentence. Accordingly, his conviction became "final" upon the expiration of that time, on May 10, 2000.

**Change in the Law** - While the finality of the conviction is the normal commencement date for the habeas limitations period, the statute does provide an exception for changes in the law. Section 2244(d)(1)(C) provides that the period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's Ground 3 arguably asserts a change in the law based upon the decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Here, as discussed above, Petitioner's conviction and sentence became final on May 10, 2000. This was before both the June 26, 2000 decision in *Apprendi* and before the 2004 decision in *Blakely*. This *could* serve to provide a later commencement date, but only if *Apprendi* and/or *Blakely* has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). In *Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002), the Ninth Circuit concluded that *Apprendi* was not retroactively applicable on habeas review, under the retroactivity standards established by *Teague v. Lane,* 489 U.S. 288, 308-310

(1989) (decisions establishing new rules of criminal procedure are not to be applied retroactively on habeas review, absent certain circumstances). Similarly, in *Cook v. U.S.,* 386 F.3d 949, 950 (9th Cir. 2004), the Ninth Circuit drew upon its decision in *Rees* to conclude that *Blakely* was not retroactively applicable on habeas. Accordingly, the later decisions in *Apprendi* and *Blakely* do not delay the commencement of Petitioner's one year limitations period.

**Discovery of Facts** - Section 2244(d)(1)(D) also provides for a delayed commencement of the statute from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner argues in his Reply that "[a]fter more than 7 years, the Petitioner was alerted to the fact of his unconstitutional & illegal sentence." Although Petitioner does not elaborate on the nature of his discovery, it appears that he has conflated discovery of the "factual predicate" with his discovery of the legal basis for his claims, namely his assertion of claims under *Apprendi* and *Blakely*. "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000)). Here, Petitioner presumably knew from March 10, 2000 not only what his sentence was, but the fact that no facts supporting such sentence had been decided by a jury. His later "discovery" of the legal significance of those facts is irrelevant for purposes of his federal statute of limitations.

**Impediments** - Petitioner argues that he was impeded from filing his habeas petition because: (1) he was not provided notice by the state court, the prosecutor or counsel of the habeas statute of limitations; and (2) the name of the enacting legislation, the Anti-Terrorism and Effective Death Penalty Act was deceptive, because Petitioner was not charged with terrorism nor sentenced to death. (Reply, #15 at 13-14.) Section 2244(d)(1)(B) provides for a delayed commencement of the statue from "the date on which the impediment to filing an application ***created by State action*** in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

- 5 -

(Emphasis added.)

<u>Name of AEDPA</u> - Any misnomer in the name of the AEDPA would not be "State action," but an action of Congress, and consequently would not trigger section 2244(d)(1)(B).

Moreover, the statute of limitations adopted by the AEDPA was not buried in some uncodified act, but was codified at 28 U.S.C. § 2244. Had Petitioner reviewed the fourteen sections of federal code (28 U.S.C. § 2241 to § 2255) governing habeas petitions, he would have been able to discover the generally applicable habeas limitations period despite the narrow name of the adopting legislation. Further, it has long been held that "the title of a statute and the heading of a section cannot limit the plain meaning of the text." *Brotherhood of R. R. Trainmen v. Baltimore & O. R. Co.,* 331 U.S. 519, 528-529 (1947).

<u>Failure by Defense Counsel</u> - Any failure by defense counsel to alert Petitioner to the habeas statute of limitations would not be "State action," and thus would not trigger this section. *See Dunker v. Bissonnette*, 154 F.2upp.2d 95 (D.Mass. 2001) (finding absent allegation of conspiracy with prosecutor, appointed defense counsel's failure to file a motion for new trial was not "State action" under 28 U.S.C. § 2244(d)(1)(B)). *See also Lawrence v. Florida*, 421 F.3d 1221 (11th Cir. 2005), *judgment affirmed on other grounds*, 549 U.S. 327 (2007) (provision of incompetent attorney "not the type of State impediment envisioned in § 2244(d)(1)(B)").

<u>Lack of Notice from Court or Prosecutor</u> - Petitioner makes no explanation how the failure of the state or prosecutor to advise him of the federal statute of limitations was an "impediment" which "prevented [Petitioner] from filing" his federal petition. At best, a lack of notice of the statute of limitations may have resulted in Petitioner delaying the filing of his federal petition, but it would not have prevented him from doing so. *But see Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (remanding for determination whether

lack of access to statute of limitations in prison library could result in impediment to filing).[2]

Moreover, Petitioner has not shown that the statute of limitations was not available to him, but simply that he had not been specifically advised of its existence. Petitioner points to no authority placing a burden for such notice on the state courts or prosecutors. Had Petitioner been diligent in reviewing the applicable habeas statutes, he would have discovered for himself the existence of the statute of limitations. *See Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (cited approvingly in *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007)) (holding petitioner's lack of diligence in pursuing available information, not *Brady* violation, was the causation of his delayed filing). To excuse Petitioner from making such investigations would make the state courts and prosecutors act as counsel to every defendant in order to obtain the benefit of the habeas statute of limitations, for fear that the defendant would not discover the statute on his own.

It is true that it has been found relevant that a petitioner had no notice or knowledge of the existence of the statute of limitations, for purposes of showing that the lack of access to the statute was an impediment. *See e.g. Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006). Those cases have focused, however, on such notice as evidence of a causal connection between a late filing and a deficient law library, and have not imposed a burden of providing such notice.

Petitioner makes no argument and presents no declaration or affidavit establishing his lack of notice of the statute of limitations, nor any lack of knowledge of the statute, nor lack of access to discover the statute.

Given the presumed availability to Petitioner of the habeas statute of limitations, it was Petitioner's failure to diligently pursue his habeas claims, not any failure of notice by the state courts or prosecutor, that resulted in his failure to timely file his habeas petition. *Cf.*

---

[2] In contrast to the Ninth Circuit, courts in at least the Fifth, Sixth, Seventh and Tenth Circuits have simply replied upon the maxim that "ignorance of the law is no excuse" to reject tolling claims based upon lack of access to the AEDPA. *See* Arsdale, *Lack of Access to Legal Materials as Grounds for Equitable Tolling*, 18 A.L.R. Fed. 2d 717, § 10.

*Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (lack of access to interpretive case law not an impediment to filing where Petitioner remained ignorant of AEDPA despite its availability in prison law library).

<u>Constitutional Violation</u> - Finally, the "impediment" exception only applies if the "State action" amounts to a "violation of the Constitution or laws of the United States." 28 U.S.C. § 2244(d)(1)(B). Petitioner does not suggest that the failure of the state court or prosecutor to advise Petitioner on the AEDPA amounted to such a violation. It is not apparent to the undersigned how it would have.

### 3. Normal Expiration of Year

Based on the foregoing, the undersigned concludes that Petitioner's one year on all his claims began running on the expiration of his time for filing an "of right" PCR petition, on May 10, 2000. Barring any applicable tolling, Petitioner's limitations period would have commenced running thereafter, and expired one year later on May 10, 2001.

### 4. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statutory tolling applies during the entire time during which the application is pending, including interludes between various stages of appeal on the application. The "AEDPA statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.' " *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir.1999)). *See also Carey v. Saffold,* 536 U.S. 214, 217 (2002). Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, Petitioner's PCR notice was not filed until October, 2007, over seven years after the expiration of his statute of limitations.[3] Consequently, it had no effect on the running of Petitioner's federal statute of limitations.

**5. Equitable Tolling**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Petitioner proffers no such extraordinary circumstances that prevented a timely filing.

Arguably, such an proffer could be found in Petitioner's assertions about the misnomer in the AEDPA, and the failure of the state court, prosecutor and defense counsel to advise him of the statute of limitations. However, to avail himself of equitable tolling, a habeas petitioner must show that he acted diligently despite the extraordinary circumstances. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstancees and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000). As discussed above in connection with the exception for state caused impediments to filing, there is no suggestion the habeas statute of limitations was not otherwise available to Petitioner. Had Petitioner diligently pursued his federal habeas rights,

---

[3] Respondents argue that no tolling would apply in any event, citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Court held that when a state post-conviction petition is untimely under state law, then it is not "properly filed" within the meaning of § 2244(d)(2) for purposes of statutory tolling. However, Petitioner's PCR petition was dismissed, not because it was untimely, but because it was without merit given the non-retroactivity of the cases upon which Petitioner relied as a basis for filing his otherwise out-of-time petition. *See* Ariz. R. Crim. P. 32.1(g) (permitting delayed PCR petition based upon assertion of change in the law "that <u>if determined to apply</u> to defendant's case would probably overturn the defendant's conviction or sentence." The fact that the law was eventually determined to not apply did not render the petition untimely.

he would have discovered the limitations period on his own.

Further, such misnomer and lack of notice would not be an extraordinary circumstance. Any mis-guidance in the title of the AEDPA would apply to every habeas petitioner. In the experience of the undersigned, it would be extraordinary for a state court or prosecutor to give a defendant notice of the habeas statute of limitations.

Presumably, defense counsel may have had an obligation to alert Petitioner to the habeas statute of limitations. However, simple negligence by counsel is not an extraordinary circumstance which justifies equitable tolling. *Frye v. Hackman*, 273 F.3d 1144 (9th Cir. 2001). Petitioner has no right to advice of counsel as to his habeas proceedings, and thus any deficiency of counsel, appointed or otherwise, is not grounds for equitable tolling. *Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2002) (finding incorrect advise by counsel on direct appeal as to habeas deadlines was not extraordinary circumstance justifying equitable tolling). Courts have found extraordinary circumstances where counsel's actions have been extreme. *See e.g. Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997)*, overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly),* 163 F.3d 530 (9th Cir.1998) *(en banc).* (counsel abandoned case and moved out of state just before filing deadline). Petitioner asserts no such extreme circumstances.

Accordingly, the undersigned concludes that Petitioner has failed to offer extraordinary circumstances which would justify equitable tolling.

**6. Timeliness of Federal Petition**

As discussed above, Petitioner's one year commenced to run on May 10, 2000, and expired on May 10, 2001. No statutory or equitable tolling has been shown to delay the running of the limitations period. Consequently, Petitioner's federal habeas petition, filed December 29, 2008,[4] is over seven years delinquent. Consequently, Petitioner's Petition

---

[4] For purposes of § 2244(d), the federal prisoner "mailbox rule" applies. Under this rule, a prisoner's filings are deemed "filed" when they are delivered to prison officials for mailing. *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000). Here, Petitioner's Petition is

must be dismissed with prejudice.

## B. EXHAUSTION, PROCEDURAL DEFAULT AND PROCEDURAL BAR

Respondents argue that even if timely, Petitioner's claims were either presented in his PCR proceeding and disposed of by the state courts on procedural grounds that constitute independent and adequate state grounds, or are unexhausted and procedurally defaulted.

### 1. Exhaustion Requirement

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

"In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

---

dated December 26, 2008, indicating that it would not have been delivered for mailing until long after the expiration of the limitations period.

Respondents argue (Answer, #14 at 6 n. 1) that presentation to the Arizona Supreme Court (not just the Arizona Court of Appeals) is required for exhaustion, citing *Baldwin v. v. Reese,* 541 U.S. 27, 30–33 (1999). The Ninth Circuit's subsequent reliance on *Swoopes* in *Castillo*, notwithstanding *Baldwin*, dispels this argument. Moreover, nothing in *Baldwin* precludes the reasoning in *Swoopes*. Nor does the language cited by Respondents from *State v. Ikirt*, 160 Ariz. 113, 117, 770 P.2d 1159, 1163 (1989), which predated the Arizona Supreme Court's decision in *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (Ariz.1989), on which *Swoopes* is based.

Here, Petitioner's only foray into the Arizona Court of Appeals was his petition for review from the dismissal of his PCR proceeding. In that proceeding, the only federal claim asserted was Petitioner's *Blakely* claim now asserted in Ground 3 of the Petition. Accordingly, all of Petitioner's claims, except his *Blakely* claim are unexhausted.

## 2. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's timeliness bar and its preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a). (Answer, #12 at 11-13.) Because of the limited development of Arizona law on the exception to the preclusion bar for claims of "sufficient constitutional magnitude," *see Stewart v. Smith,* 536 U.S. 856 (2002), and the applicability of clear timeliness bars, the undersigned does not reach Respondents' argument on the

applicability of the preclusion bar.

**<u>Remedies by Direct Appeal</u>** - In pleading guilty, Petitioner waived any right to a direct appeal.

**<u>Remedies by Post-Conviction Relief</u>** - Petitioner can no longer seek review by a subsequent PCR Petition. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." [5] *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

While Rule 32.4(a) does not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h), Petitioner has not asserted that any of these exceptions are applicable to his equal protection claim. Nor does it appears that such exceptions in Rule 32.1 would apply to this claim. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no

---

[5] The rule does provide additional time for filing a second PCR petition a after ruling on a PCR petition of-right. However, Petitioner did not file an of-right petition.

- 13 -

> reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Petitioner makes no assertion under paragraph (f) that his failure to file a timely "of right" PCR petition was through no fault of his own. *See* Ariz.R.Crim.P. 32.1 (defining when petition of-right). Paragraph (g) has no application because Petitioner has not asserted a change in the law occurring since his last state PCR petition. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

Accordingly, the undersigned must conclude that review through Arizona's post-conviction relief process is no longer possible for Petitioner's unexhausted claims.

**<u>Summary re Procedural Default</u>** - With the exception of his *Blakely* claim, Petitioner has failed to exhaust his grounds for relief, and is now procedurally barred from doing so. Accordingly, these claims are procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.


### 3. Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Petitioner makes no argument of having cause and prejudice to excuse any other procedural default. The undersigned finds none.

**4. Actual Innocence**

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). However, it is not sufficient that the petitioner point to some legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623(1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"). Rather, a petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show a probability that no reasonable juror would have found the defendant guilty. *Id.* at 329. Petitioner makes no assertion of such actual innocence. The undersigned finds no basis for such a finding.

**5. Summary re Procedural Default**

With the exception of his *Blakely* claim, Petitioner has failed to exhaust his state remedies, has procedurally defaulted, and has failed to show cause and prejudice or actual innocence to excuse such default. Accordingly, with the exception of Petitioner's *Blakely* claim, Petitioner's grounds for relief must be dismissed with prejudice.

**B. PROCEDURAL BAR**

Respondents argue that the state courts disposed of Petitioner's *Blakely* claim by applying the state's time bar. If a state court disposes of a federal claim by applying a state procedural bar that is "independent" of the merits of the federal claim, and "adequate," the habeas court must decline to address the merits of the federal claim. . *See Coleman v. Thompson,* 501 U.S. 722, 729-732 (1991).

Arizona's timeliness rule requires that "of right" PCR notices be filed within 90 days of the sentence, and that subsequent petitions for post-conviction relief be filed within thirty days of ruling by the appellate court on such first PCR proceeding. Ariz. R. Crim. P. 32.4(a). Those deadlines had long since passed at the time that Petitioner filed his PCR notice on October 10, 2007. (Exhibit D, PCR Not.)

However, that rule also provides that "[a]ny notice not timely filed may only raise claims pursuant to Rule 32.1(d), (e), (f), (g) or (h)." Of those exceptions, Rule 32.1(g) authorizes PCR claims based on "a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." The trial court noted that Petitioner's PCR proceeding was filed "pursuant to Rule 32.1(g)." (Exhibit E, M.E. 10/23/7 at 1.)[6] The trial court's reference to Rule 32.1(g) clarifies that the petition was not dismissed as untimely. Rather, the trial court was simply noting the application's dependence upon the exception for delinquent claims based on changes in the law. Because the trial court determined that the change in the law did not apply to defendants case, it determined that Petitioner was "not entitled to relief." (*Id.* at 2.)

It is true that the effect of a timeliness ruling is not altered because the court considers the merits of the claim as part of the application of the timeliness rule, nor because it offers an alternative basis for its ruling based on another ground. *Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (citing *Pace*). Here, however, the merits determination of the claim was not merely part of the timeliness determination, nor an alternative to it. Rather, it was a subsequent determination after the finding that the claim was raised under Rule 32.1(g), and thus was not subject to the timeliness rule.

Accordingly, no state procedural bar was applied to Petitioner's *Blakely* claim.

## C. MERITS OF *BLAKELY* CLAIM

---

[6] Because the Arizona Court of Appeals issued a summary dismissal, this Court must look through that decision to the "last reasoned decision," *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991), which is the trial court's minute entry disposing of the PCR proceeding.

Petitioner's sole exhausted claim is his claim based upon a denial of his right to a jury trial under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). That claim is without merit. As discussed above in connection with the statute of limitations, *Blakely* was decided after Petitioner's conviction became final, and has been determined to have stated a new rule and to not be retroactively applicable to cases on habeas review. *Cook v. U.S.,* 386 F.3d 949, 950 (9th Cir. 2004). Consequently, for purposes of this habeas proceeding, Petitioner's *Blakely* claim is without merit, and must be denied.

## D. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

- 17 -

of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits.

To the extent that Petitioner's claims are rejected on procedural grounds, the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."

To the extent that Petitioner's claims are rejected on the merits, the constitutional claims are plainly without merit.

Accordingly, a certificate of appealability should be denied.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the portion of Ground Three of Petitioner's Petition for Writ of Habeas Corpus, filed December 29, 1009 (#1) asserting a claim under *Blakely* be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the remainder of Petitioner's Petition for Writ of Habeas Corpus, filed December 29, 1009 (#1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that in the event this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: January 8, 2010

                                      JAY R. IRWIN
                                      United States Magistrate Judge

S:\Drafts\OutBox\08-2363-001 to RR 09 12 02 rc HC.wpd